IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE GONZALEZ-RIVERA | : | CRIMINAL ACTION |
| | : | NO. 92-cr-00055-1 |
| v. | : | |
| | : | CIVIL ACTION |
| UNITED STATES OF AMERICA | : | NO. 06-cv-04081 |
| | : | NO. 06-cv-04586 |

## MEMORANDUM AND ORDER

Before the court are Petitioner Jose Gonzalez-Rivera's (1) petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241(a), (c)(2) (Nos. 92-cr-00055, 06-cv-04081, Doc. No. 166), (2) "Motion Requesting Acknowledgment of Initial (First) § 2255 Motion to Vacate, Set Aside or Correct Sentence" (Nos. 92-cr-00055, 06-cv-04081, Doc. No. 167), (3) "Correction of Clerical Error Pursuant to Federal Rules of Criminal Procedure Rule 36 and Rule 60(a)" (No. 06-cv-04586, Doc. No. 1), and (4) "Writ of Mandamus Compelling United States Attorney to Present Facts Concerning Alleged Criminal Wrongdoings of Jose Gonzalez-Rivera Named Defendant to Grant Jury Pursuant to Title 18 U.S.C. § 3332(a)" (Nos. 92-cr-00055, 06-cv-04081, Doc. No. 183), the Government's Responses in opposition thereto, and Petitioner's Reply.

For the reasons that follow, Petitioner's "Motion Requesting Acknowledgment of Initial (First) § 2255 Motion to Vacate, Set Aside or Correct Sentence" and "Correction of Clerical Error Pursuant to Federal Rules of Criminal Procedure Rule 36 and Rule 60(a)" are DENIED and Petitioner's "Writ of Mandamus Compelling United States Attorney to Present Facts Concerning Alleged Criminal Wrongdoings of Jose Gonzalez-Rivera Named Defendant to Grant Jury Pursuant to Title 18 U.S.C. § 3332(a)" is DENIED as legally frivolous. Further instructions

follow as to Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241(a), (c)(2).

## I. Procedural History

On February 7, 1992, a federal grand jury indicted Petitioner for multiple counts of conspiracy to distribute large quantities of cocaine from New York to the Philadelphia region. After a five week jury trial, Petitioner was convicted of the following charges against him: conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (Count I); continuing a criminal enterprise in violation of 21 U.S.C. § 848 (Count II); possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting in a crime against the United States in violation of 18 U.S.C. § 2 (Counts V and VI); and use of a communication facility to facilitate a drug felony in violation of 21 U.S.C. § 843(b) (Count VIII).

He originally was sentenced to life imprisonment, but upon remand from the Court of Appeals, his sentence was reduced to 36 years imprisonment. On February 26, 2002, the Court of Appeals affirmed this sentence. On June 28, 2002, the U.S. Supreme Court denied his petition for a writ of certiorari.

On May 6, 2003, Petitioner timely filed his first motion under 28 U.S.C. § 2255 (Nos. 92-cr-00055, 06-cv-04081, Doc. No. 152), in which he raised ineffectiveness of counsel claims. On June 23, 2004, this court denied Petitioner's § 2255 motion and did not issue a certificate of appealability (Nos. 92-cr-00055, 06-cv-04081, Doc. No. 159). On October 28, 2005, the Court of Appeals granted Petitioner's request for a certificate of appealability solely on Petitioner's claim that his counsel was ineffective for failing to initiate plea discussions with the

Government, and appointed counsel to represent him.

On January 19, 2007, argument was held on the issue. On February 15, 2007, the Court of Appeals affirmed the district court's denial of Petitioner's § 2255 motion. See United States v. Gonzalez-Rivera, 217 Fed. Appx. 166 (3d Cir. 2007). On March 20, 2007, the Court of Appeals denied Petitioner's petition for rehearing.

While the above case was proceeding, on September 12, 2006, Petitioner filed a pro se submission that he characterizes as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241(a), (c)(2) (Nos. 92-cr-00055, 06-cv-04081, Doc. No. 166). Petitioner filed this petition on a form for a motion under 28 U.S.C. § 2255 and only indicated in his attached memorandum of law that his petition was pursuant to 28 U.S.C. § 2241. His petition was docketed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

On September 27, 2006, he filed a pro se "Motion Requesting Acknowledgment of Initial (First) § 2255 Motion to Vacate, Set Aside or Correct Sentence" (Nos. 92-cr-00055, 06-cv-04081, Doc. No. 167). In this motion, Petitioner moves the court to "issue an Order of Acknowledgment of [his] first motion to vacate, set aside, or correct sentence." He argues that the court should not characterize his "initial" or "first" § 2255 motion as second or successive without providing him with notice and an opportunity to withdraw the motion and submit a more complete § 2255 motion. He also moves the court to grant a waiver of the one-year statute of limitations period under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255.

Because Petitioner's original § 2255 motion, filed May 6, 2003, was pending on appeal at the time and issues relating to second or successive petitions or the statute of limitations would

not have applied to it, Petitioner's September 27, 2006 motion appears to refer to his September 12, 2006 petition as the "initial" § 2255 motion in question. Petitioner nevertheless insists that his September 12, 2006 petition was pursuant to 28 U.S.C. § 2241, and not 28 U.S.C. § 2255. Construing Petitioner's pro se filings liberally, the court will consider Petitioner's September 12, 2006 petition as filed pursuant to 28 U.S.C. § 2241 and treat it as such.

On October 12, 2006, Petitioner filed a pro se motion titled "Correction of Clerical Error Pursuant to Federal Rules of Criminal Procedure Rule 36 and Rule 60(a)" (No. 06-cv-04586, Doc. No. 1).

On October 20, 2006, the court issued an order pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999), relating to the strict restrictions on filing a second or successive § 2255 petition and ordering the Clerk of Court to furnish Petitioner with a copy of the current standard § 2255 form. On November 2, 2006, the court vacated the October 20, 2006 order, stating that the petition appeared to have been filed on the proper form.

Upon further review, although the court was correct in vacating the October 20, 2006 order, it appears that the petition was not properly filed on the current standard § 2255 form, prescribed by this court, effective December 1, 2004. To clarify the record, the court will vacate both the October 20, 2006 order and the November 2, 2006 order. The present order supercedes those orders.

On December 13, 2006, the Government responded to Petitioner's § 2241(a)(c)(2) petition and Rules 36 and 60(a) motion (Nos. 92-cr-00055, 06-cv-04081, Doc. No. 170; No. 06-cv-04586, Doc. No. 2).

Following the Government's response, given that the appeal of the court's denial of

Petitioner's § 2255 motion was pending before the Court of Appeals at the time, the court sua sponte appointed the same counsel who was representing Petitioner before the Court of Appeals to file a reply, if any, to the Government's response. Petitioner's appointed counsel requested leave to file a reply after the Court of Appeal's decision, which this court granted.

Following the Court of Appeal's affirmance on February 15, 2007, Petitioner filed a pro se "Motion to Withdraw Counsel for Conflict of Interest Pursuant to Fed. R. Crim. P. Rule 44(a)(c)(2)" on March 22, 2007 (Nos. 92-cr-00055, 06-cv-04081, Doc. No. 175). Petitioner argued that there was a conflict of interest because Petitioner believed that his appointed counsel should have amended his "opening brief" of February 10, 2006 to the Court of Appeals to include further argument on the standard in Strickland v. Washington, 466 U.S. 668, 687 (1984) (establishing the test to determine whether a defendant was denied effective assistance of counsel), and did not do so. Petitioner further argued that his appointed counsel should have requested a stay of proceedings and moved for an order for a more definite statement from the Government on the merits of Petitioner's claims in the present case, and did not do so.

On March 26, 2007, finding that Petitioner's arguments were without merit, the court denied Petitioner's motion to withdraw counsel. Petitioner subsequently appealed the denial of his motion to withdraw counsel, which appeal was docketed in the Court of Appeals on April 16, 2007. On September 10, 2007, the Court of Appeals dismissed Petitioner's appeal for lack of jurisdiction.

On April 16, 2007, Petitioner filed a pro se "Writ of Mandamus Compelling United States Attorney to Present Facts Concerning Alleged Criminal Wrongdoings of Jose Gonzalez-Rivera Named Defendant to Grand Jury Pursuant to Title 18 U.S.C. § 3332(a)" (Nos. 92-cr-

00055, 06-cv-04081, Doc. No. 183). On May 21, 2007, Petitioner filed a pro se response in opposition to the Government's memorandum (Nos. 92-cr-00055, 06-cv-04081, Doc. No. 184).

On June 1, 2007, following the Court of Appeal's affirmance, Petitioner filed a counseled reply (Nos. 92-cr-00055, 06-cv-04081, Doc. No. 185), which also included sections submitted by Petitioner pro se, in opposition to the Government's response. On July 2, 2007, the Government filed a supplemental memorandum in response to Petitioner's counseled reply (Gov't Supp. Mem. in Opp., Nos. 92-cr-00055, 06-cv-04081, Doc. No. 188; No. 06-cv-04586, Doc. No. 5). The matter is now ripe for review.

## II. Discussion

A.  Petitioner's Habeas Petition Pursuant to § 2241.

  1.  The Writ of Habeas Corpus Generally.

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§ 2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. If such a writ of habeas corpus is issued by a federal court, the prisoner will be released from either state custody or federal custody (as the case may be) on the grounds that his rights guaranteed by the United States Constitution have been violated; habeas corpus motions pursuant to AEDPA are the only possible means of obtaining this type of relief from custody. Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2003); Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

By means of AEDPA, Congress provided that, in the context of a petitioner who is in custody pursuant to a federal judgment, a writ of habeas corpus may issue pursuant to 28 U.S.C. § 2255 (and not pursuant to 28 U.S.C. § 2241) for Constitutional attacks on the *imposition* of a federal conviction and/or a federal sentence. Okereke, 307 F.3d at 120; Cradle v. United States ex rel Miner, 290 F.3d 536, 538-39 (3d Cir. 2002); Coady, 251 F.3d at 485-86; In re Dorsainvil, 119 F.3d at 249-52. Through AEDPA, Congress provided that, in the context of a petitioner in custody pursuant to a federal judgment, a writ of habeas corpus may issue pursuant to 28 U.S.C. § 2241 (and not pursuant to 28 U.S.C. § 2255) for attacks on the Constitutionality of the *execution* of a federal sentence (that do not attack the *imposition* of a federal conviction and/or federal sentence). Id.

By means of AEDPA, Congress also intentionally created a series of restrictive gate-keeping conditions that must be satisfied for a prisoner to prevail in his petition seeking the issuance of a writ of habeas corpus. One such restrictive gate-keeping condition is AEDPA's strict and short statute of limitations. Another one of these restrictive gate-keeping conditions is AEDPA's "second or successive rule," which generally forbids a litigant from filing a 28 U.S.C. § 2255 habeas if that litigant had a prior 28 U.S.C. § 2255 habeas (attacking the same federal conviction and/or sentence) that was dismissed with prejudice.

### 2. Recharacterization of Petitioner's § 2241 Habeas Petition.

Petitioner in the instant matter purports to seek habeas corpus relief from his federal custody pursuant to 28 U.S.C. § 2241 (and not pursuant to 28 U.S.C. § 2255). A writ of habeas corpus may issue pursuant to 28 U.S.C. § 2241 for meritorious challenges to the Constitutionality

of the *execution* of a state or federal sentence, and not for challenges to the *imposition* of such a conviction and/or sentence. Okereke, 307 F.3d at 120; Cradle, 290 F.3d at 538-39; Coady, 251 F.3d at 485; In re Dorsainvil, 119 F.3d at 249-52. This is a crucial distinction. The second or successive rule of AEDPA does not apply to § 2241 petitions. Zayas v. INS, 311 F.3d 247 (3d Cir. 2002).

In his pro se petition for habeas corpus pursuant to 28 U.S.C. § 2241(a), (c)(2), Petitioner argues that he is in custody by a judgment of conviction that is Constitutionally void for lack of personal and subject matter jurisdiction. Specifically, Petitioner claims that the judgment of conviction is invalid because: "it failed to cite statutory authority under Title 21 U.S.C. § 841(a)(1), Penalty Provision (b)(1)(A)(iii), nor facts of the specific drug quantity of 146 kilograms of cocaine, § 851(a)(1), (2), (c)(2) for facts of prior convictions, nor Title 18 U.S.C. § 35-59(a), (1), (c)(1)(A)(ii), Class A Felony and neither was notice given that the Court intended to use the United [sic] Sentencing Guidelines § 4A1.1(a) and § 5G1.1(b), statutes and subsections in the record to invoke the Court's power to enter Judgment of Conviction."

Petitioner argues that even if he was "constitutionally indicted," he argues that "he could not be tried and penalized under the Sentencing Reform Act of 1984[, Pub. L. No. 98-473, 98 Stat. 1837, 1987 (1984) (creating the U.S. Sentencing Commission to develop guidelines for federal sentencing)]," because of the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004).[1] Petitioner further argues that he is actually innocent. In sum, Petitioner's §

---

[1] Blakely held that the State of Washington's sentencing scheme, which allowed enhancements to a defendant's sentence based on facts not determined by a jury or a guilty plea, violated the defendant's Sixth Amendment right to a trial by jury. 542 U.S. at 301-02. Blakely only applies to persons in state custody, but its holding was extended to persons in federal custody by the Supreme Court's decision in United States v. Booker, 543 U.S. 220

2241 petition challenges his indictment, conviction, and sentence.

Petitioner clearly attacks the Constitutionality of the *imposition* of the federal conviction and sentence of imprisonment upon him, and not the execution of the federal sentence. Accordingly, the instant petition seeks relief that *theoretically* is only available pursuant to 28 U.S.C. § 2255, and not 28 U.S.C. § 2241. See Okereke, 307 F.3d at 120; Coady, 251 F.3d at 485-86; In re Dorsainvil, 119 F.3d at 249-52. The fact that relief pursuant to 28 U.S.C. § 2255 may possibly be barred pursuant to AEDPA's second or successive rule or pursuant to AEDPA's statute of limitations, does not mean that the barred relief is authorized and available under 28 U.S.C. § 2241. Okereke, 307 F.3d at 120; In re Dorsainvil, 119 F.3d at 251.

Pursuant to United States v. Miller, 197 F.3d 644, 652 (3d Cir. 1999), this court may not re-characterize a document that is purportedly seeking 28 U.S.C. § 2241 relief as a 28 U.S.C. § 2255 petition without first:

1. notifying the petitioner that the court believes it is really a § 2255 petition purporting to be something else;

2. warning the petitioner of all of the ramifications of AEDPA (including, but not limited to, the AEDPA statute of limitations, as well as the second or successive rule created by AEDPA);

---

(2005), in which the Court held that the U.S. Sentencing Guidelines were advisory. This court would thus apply Booker, not Blakely, in reviewing Petitioner's petition. The Third Circuit has made clear that the ruling in Booker does not apply retroactively. Lloyd v. United States, 407 F.3d 608, 614 (3d Cir. 2005). Petitioner's judgment became final on June 28, 2002, when the U.S. Supreme Court denied his petition for a writ of certiorari, which was well before the decision in Booker, decided on January 12, 2005. His § 2255 motion was filed on May 6, 2003, over nineteen months before Booker. Simply, the Booker rule does not apply retroactively to Petitioner.

3. getting permission from the prisoner to re-characterize the petition as a 28 U.S.C. § 2255 petition; and

4. informing the petitioner that he also has the option to voluntarily withdraw his submission.

Assuming that Petitioner consents to the aforesaid recharacterization, then pursuant to Local Civil Rule 9.3(a), and Rule 2 of the Rules Governing 28 U.S.C. § 2255 Proceedings in the United States District Courts, as previously discussed, this petition was not filed with the required *current* standard 28 U.S.C. § 2255 form, prescribed by this court, effective December 1, 2004.

Aside from the dictate of the aforesaid rules of court, use of this court's current standard form in 28 U.S.C. § 2255 habeas cases is necessary to guarantee that a defendant is made aware of the specific warnings required by the Third Circuit to be given at the commencement of any 28 U.S.C. § 2255 habeas case. See United States v. Thomas, 221 F.3d 430, 436 (3d Cir. 2000) (relating to the strict and short statute of limitations that exists for filing a 28 U.S.C. § 2255 petition); Miller, 197 F.3d at 652 (relating to the strict restrictions on filing a second or successive 28 U.S.C. § 2255 petition). These specific Thomas and Miller warnings are contained in the introductory text of the court's current standard § 2255 form. Because all district courts within the Third Circuit are required to give petitioners in § 2255 cases the Thomas and Miller warnings at the time of filing, this court cannot waive the form requirements of Local Civil Rule 9.3(a).

An appropriate order therefore follows.

**B.  Petitioner's Rule 60 Motion.**

Petitioner brings a motion pursuant to Rule 36 of the Federal Rules of Criminal Procedure and Rule 60(a) of the Federal Rules of Civil Procedure, to correct what Petitioner alleges are clerical errors. Specifically, Petitioner cites four purported clerical errors. First, he argues that in the Presentence Investigation Report ("PSI") of March 23, 1993 the probation officer miscalculated the drug quantity. Second, he argues that in the same PSI, the probation officer miscalculated Petitioner's past criminal convictions. Third, he argues that in the Amended Judgment, the clerk omitted the statutory authority that authorized the court to impose the penalty portion of the judgment. Finally, Petitioner argues that the indictment was defective due to alleged Government omissions of the "Date Filed" and "Violations: Title 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii)."

In its responses, the Government applies Rule 60(b) of the Federal Rules of Civil Procedure to Petitioner's motion and argues that Petitioner's assertions of error do not fall within the narrow scope for Rule 60(b) review in a § 2255 proceeding. The Government further argues that such claims cannot be permitted under Rule 60(b), as such would circumvent the requirement that a second or successive petition be certified by the Court of Appeals to contain either newly discovered evidence or a new rule of Constitutional law made retroactive to cases on collateral review. Petitioner counters that the Government mischaracterized a 60(a) motion as a 60(b) motion.

The court finds that Petitioner's motion is barred under both Federal Rule of Criminal Procedure 36 and Rules 60(a) and 60(b) of the Federal Rules of Civil Procedure.

1. **Petitioner's Motion Cannot Proceed under Federal Rule of Criminal Procedure 36 and Federal Rule of Civil Procedure 60(a).**

Rule 36 of the Federal Rules of Criminal Procedure provides: "After giving notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Under Rule 36, clerical error refers to "a failure to accurately record a statement or action by the court or one of the parties," and the Rule "provides no basis to correct substantive errors in the sentence." United States v. Bennett, 423 F.3d 271, 277-78 (3d Cir. 2005) (citations and quotations omitted).

Rule 60(a) of the Federal Rules of Civil Procedure similarly provides, in relevant part, that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." Rule 60(a) "encompasses only errors mechanical in nature, apparent on the record, and not involving an error of substantive judgment." Pfizer Inc. v. Uprichard, 422 F.3d 124, 129-30 (3d Cir. 2005) (citation and quotations omitted).

Petitioner is not raising clerical errors, but is instead challenging substantive record findings by this court for sentencing purposes as to drug quantity, relevant conduct, and criminal history, and is challenging the court's statutory authority to impose a sentence, as well as the sufficiency of the indictment. See, e.g., United States v. Sanchez-Sanchez, 148 Fed. Appx. 106, 107 (3d Cir. 2005) (stating that petitioner's challenge to the calculation of his sentence pursuant to Fed. R. Crim. P. 36 was improper, did raise a clerical error, and should be brought under a §

that attacks "the substance of the federal court's resolution of a claim on the merits" is considered to be a second or successive petition. Id. at 532. Where a Rule 60(b) motion, however, attacks "some defect in the integrity of the federal habeas proceedings," such as a prior denial on AEDPA statute of limitations grounds, it is not considered a second or successive petition and a court may consider whether relief under Rule 60(b) is appropriate. Id. at 532 & n.4, 533, 535-36.

As discussed above, Petitioner makes substantive challenges. He seeks to change this court's findings, including its findings as to drug quantity and criminal history, in order to receive a reduced term of imprisonment. Because Petitioner's motion – to the extent it is brought pursuant to Rule 60(b) – challenges this court's prior substantive resolution of claims on the merits, it is a second or successive petition. See id. at 532. Therefore, to the extent that Petitioner's motion is brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, that motion is denied.

C.     **Petitioner's Petition for Writ of Mandamus.**

In Petitioner's pro se petition for writ of mandamus, Petitioner claims that on April 24, 1997, he was "classified as an enemy combatant and terrorist" and asks this court to compel "the United States Attorney to present facts concerning alleged terrorist acts of defendant to the grand jury." There is no record evidence in this court or any court of Petitioner ever having been designated as such. The Government has not argued any place that Petitioner is an enemy combatant or terrorist. (Gov't Supp. Mem. in Opp. n.1.) Petitioner's petition for writ of mandamus therefore is denied as legally frivolous.

### III. Conclusion

Accordingly, for the foregoing reasons, this 31st day of October, 2007, it is hereby ORDERED as follows:

1. Petitioner's "Motion Requesting Acknowledgment of Initial (First) § 2255 Motion to Vacate, Set Aside or Correct Sentence" (Nos. 92-cr-00055, 06-cv-04081, Doc. No. 167) is DENIED.

2. Petitioner's motion for "Correction of Clerical Error Pursuant to Federal Rules of Criminal Procedure Rule 36 and Rule 60(a)" (No. 06-cv-04586, Doc. No. 1) is DENIED.

3. Petitioner's "Writ of Mandamus Compelling United States Attorney to Present Facts Concerning Alleged Criminal Wrongdoings of Jose Gonzalez-Rivera Named Defendant to Grand Jury Pursuant to Title 18 U.S.C. § 3332(a)" (Nos. 92-cr-00055, 06-cv-04081, Doc. No. 183) is DENIED as legally frivolous.

4. The court's October 20, 2006 order and the November 2, 2006 order in Nos. 92-cr-00055 and 06-cv-04081 are VACATED.

5. The Clerk of Court shall amend the docket entry for No. 166 in Nos. 92-cr-00055 and 06-cv-04081 to reflect that Petitioner's submission is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241(a), (c)(2), and not a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

6. The Clerk of Court shall furnish petitioner with a blank copy of this court's current standard form for filing a petition pursuant to 28 U.S.C. § 2255 (bearing

the Civil Action No. 06-cv-04081).

7. Petitioner must notify this court within thirty (30) days whether he consents to the reclassification of Civil Action No. 06-cv-04081 as a 28 U.S.C. § 2255 petition, and, if he does consent to such reclassification, he shall complete the enclosed 28 U.S.C. § 2255 form and file it with the Clerk of Court.

8. Petitioner is hereby placed on notice that, if he insists that Civil Action No. 06-cv-04081 proceed as a 28 U.S.C. § 2241 petition, 06-cv-04081 shall be dismissed with prejudice for seeking relief that is not available pursuant to 28 U.S.C. § 2241.

9. Petitioner is hereby placed on notice that, if he does not respond to this Order within thirty (30) days, Civil Action No. 06-cv-04081 shall be dismissed with prejudice for seeking relief not available under 28 U.S.C. § 2241 and for failure to comply with this Order.

BY THE COURT:

*/s/ James T. Giles*

JAMES T. GILES   J.